# Exhibit A

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JUSTIN COLLINS, | CASE NO. LACL165954 |
| Plaintiff, | |
| vs. | |
| AMAZON.COM SERVICES, LLC, | **ORIGINAL NOTICE** |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT: AMAZON.COM SERVICES, LLC

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are David Albrecht and Amy Beck of Iowa Employment Attorneys, P.L.C., whose address is 7001 Westown Pkwy, Suite 212, West Des Moines, IA 50266. Their phone number is (515) 328-6019; facsimile number (515) 513-4657.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 561-5818 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

1

E-FILED  2026 MAR 18 1:13 PM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACL165954** |
| *County* | **Polk** |

*Case Title*   JUSTIN COLLINS VS AMAZON COM SERVICES LLC

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **03/18/2026 01:13:00 PM**



*District Clerk of Court or/by Clerk's Designee of* Polk          County
**/s/ Cynthia (Cindi) Richey**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JUSTIN COLLINS,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC<br><br>Defendant. | Case No. LACL165954<br><br><br>**PETITION**<br>**and**<br>**JURY DEMAND** |

**COMES NOW** the Plaintiff, and for his cause of action against Defendant states the following:

## INTRODUCTION

1.      This is an action challenging Defendant's retaliation against Plaintiff in violation of the public policy of the State of Iowa.

2.      Plaintiff Justin Collins is a resident of Polk County, Iowa.

3.      Defendant Amazon.com Services, LLC is a Delaware corporation doing business in Polk County, Iowa.

4.      The acts about which Plaintiff complains occurred in Polk County, Iowa.

## FACTUAL BACKGROUND

5.      On October 31, 2021, Defendant Amazon hired Plaintiff Justin Collins as a Dock Worker at its DSM5 Warehouse location in Bondurant, Iowa.

6.      On March 29, 2024, Justin injured his back at work.

7.      Justin filed a claim for workers' compensation benefits that was handled by Amazon's third-party administrator, Sedgwick.

8.      Sedgwick sent Justin to Dr. Kurt Smith of Iowa Orthopedics, P.C. for treatment.

9.      For the next six months, Justin performed light duty work.

1

E-FILED  2026 MAR 16 1:58 PM POLK - CLERK OF DISTRICT COURT

10.     In October 2024, Amazon took Justin off work completely.

11.     Amazon told Justin, "Until you are at 100% capacity, you cannot return to Amazon."

12.     Amazon kept Justin off work until September 2025 while he continued physical therapy and other treatments.

13.     In September 2025, Dr. Smith ordered a Functional Capacity Evaluation to return Justin to work and identify any restrictions that would require accommodation.

14.     On September 4, Justin underwent the evaluation at Athletico Physical Therapy.

15.     On October 9, Sedgwick sent Justin a letter filled out by Dr. Smith releasing Justin back to work.

16.     Dr. Smith indicated Justin could lift 25 pounds occasionally from floor to waist, waist to shoulder, and above shoulder height and could frequently stand, sit, and walk, while he could bend occasionally.

17.     The location at which Justin worked had at least two positions requiring full-time work that fell within his restrictions.

18.     The first, known as "Problem Solve," was spread among two areas, each of which had space for four employees.

19.     "Problem Solve" employees fix packaging issues, such as misprinted labels.

20.     The "Problem Solve" position is full-time.

21.     Justin would have been able to perform the essential functions of the "Problem Solve" position, with or without reasonable accommodation.

22.     The second position, known as "Manual Inducts," involves an employee sifting through and placing packages on an induct belt so that scanners can route the packages throughout the facility.

23.     The "Manual Inducts" position is full-time.

2

24.     Justin was able to perform the essential functions of the "Manual Inducts" position, with or without reasonable accommodation.

25.     Amazon did not discuss either position with Justin.

26.     Amazon did not offer or suggest any other workplace accommodations for Justin.

27.     Instead, Amazon fired Justin effective October 21, 2025.

28.     Upon information and belief, Amazon took action to reduce the reporting of workplace injuries.

29.     Injured workers were directed to an onsite nurse who, while providing basic treatment directions such as icing, did not mention going to a doctor or reporting the injury further.

30.     Amazon fired Justin because of his physical limitations.

31.     But for Justin's physical restrictions, Amazon would not have made the same decision to fire him.

32.     Amazon did not engage in an interactive process with Justin to determine whether reasonable accommodations existed.

## COUNT I
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

33.     Plaintiff repleads paragraphs 1-32 as if fully set forth herein.

34.     It is the public policy of the State of Iowa, pursuant to Iowa Code Chapter 85, that employers may not legally retaliate against employees for suffering a workplace injury, for reporting a workplace injury, or for filing and pursuing a workers' compensation claim or report.

35.     Defendant retaliated against Plaintiff by failing to accommodate and by firing him for suffering workplace injuries, reporting workplace injuries, and for filing and pursuing a workers' compensation claim.

36.     If allowed to go unremedied, Plaintiff's firing would frustrate the well-recognized and defined public policy of the State of Iowa because it would have a chilling effect on employees'

3

willingness to exercise their rights and would discourage employees from reporting workplace injuries and filing workers' compensation claims and reports.

37.    At the time of Defendant's illegal conduct, Plaintiff's right to be free from retaliation for suffering workplace injuries, reporting workplace injuries, and for filing and pursuing a workers' compensation claim was clearly established.

38.    Plaintiff's protected activity was a determining factor in Defendant's retaliation.

39.    Defendant acted with willful and wanton disregard for Plaintiff's rights and safety.

40.    As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including but not limited to lost wages and benefits, emotional distress, lost enjoyment of life, and reputational damage.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for lost wages, for emotional distress damages, for punitive damages against Defendant in an amount sufficient to punish it and to deter it and others from similar conduct in the future, for prejudgment and postjudgment interest, for the costs of this action, and for such other relief as may be just in the circumstances.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

*/s/ David Albrecht*
IOWA EMPLOYMENT ATTORNEYS, P.L.C.
David Albrecht AT0012635
david@iowaemploymentattorneys.com
Amy Beck AT0013022
amy@iowaemploymentattorneys.com
7001 Westown Parkway, Suite 212
West Des Moines, IA 50266
Telephone: (515) 328-6019
Fax: (515) 513-4657
ATTORNEYS FOR PLAINTIFF

4